LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-4194 BRO (PJWx)** | Date | March 11, 2014 |
|---|---|---|---|
| Title | **TRENDSETTAH USA INC., ET AL. v. JA TOBACCO CORP., ET AL.** | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:**     (IN CHAMBERS)


### ORDER TO SHOW CAUSE RE DEFENSE COUNSEL'S MOTION TO WITHDRAW [65]


On March 4, 2014, Defense Counsel Rhonda Anderson and Freddy Sayegh, attorneys for Defendants JA Tobacco Corporation and LLBJ Corporation, filed the instant joint motion to withdraw as counsel.  (Dkt. No. 65.)

Pursuant to Local Rule 83-2.9.2.1, "[a]n attorney may not withdraw as counsel except by leave of court."  Pursuant to Local Rule 83-2.9.2.3, "[a]n attorney requesting leave to withdraw from representation of a corporation or unincorporated association shall give written notice to the corporation or unincorporated association of the consequences of its inability to appear *pro se*."  Here, Counsel includes a declaration in support of the motion.  (Anderson Decl.)  In the declaration, Ms. Anderson explains that Defendants "instructed [her and local counsel] not to engage in any further work in this matter and to withdraw as counsel."  (Anderson Decl. ¶ 2.)  Ms. Anderson also indicates that on "March 4, 2014, [she] sent a letter to both Defendants via Federal Express, to be delivered to the resident agent and president of both Defendants, Lazaro Jacomino.  The letter informed the Defendants, *inter alia*, of the consequences of their *ability* to appear *pro se*, and attached a copy of Defense Counsel's Joint Motion for Leave to Withdraw."  (Anderson Decl. ¶ 5 (emphasis added).)

The Court notes that Defense Counsel indicates the letter informed Defendants of their ability—as opposed to their inability—to appear *pro se*.  This is likely a

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-4194 BRO (PJWx)** | Date | March 11, 2014 |
|---|---|---|---|
| Title | **TRENDSETTAH USA INC., ET AL. v. JA TOBACCO CORP., ET AL.** | | |

typographical error.  Nevertheless, the actual motion to withdraw includes the same typographical error.  (*See* Mot. 3:23–26.)  The Court queries whether the error was replicated a third time in the actual letter sent to Defendants.

Accordingly, Defense Counsel is ORDERED TO SHOW CAUSE why its motion should not be denied.  A proper response to this order will include a declaration clarifying whether the specific language in the letter to Defendants accurately discussed their *inability* to proceed *pro se*.  Additionally, the response must include proof of delivery of the letter sent to Defendants.  Counsel's response is due by **March 14, 2014 at 4:00 p.m.**

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |